# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark Lott, | ) | Civil Action No. 6:20-cv-1677-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Jarad Anderson, Timothy Budz | ) | |
| Christopher Kunkle, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 16) recommending the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

Plaintiff Mark Lott is proceeding *pro se* and *in forma pauperis*. On April 29, 2020 Plaintiff filed the instant action against Jarad Anderson, Timothy Budz, and Christopher Kunkle ("Defendants"). (Dkt. No. 1). In the complaint, Plaintiff brings claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his Fourteenth and Eighth Amendment rights. (*Id.* at 4). Plaintiff alleges that on January 13, 2019 and March 12, 2019, Defendants allowed him to be assaulted by another resident, "K". (*Id*. at 5-6).[1] Plaintiff contends that after the first assault, resident "K" was placed on lockdown, but was returned to the unit where Plaintiff was located. (*Id.* at 6). In addition, Plaintiff alleges Defendants knew that "K" posed a substantial

---

[1] The R & R cites the incident dates as January 13, 2019 and March 17, 2019. (Dkt. No. 16 at 1).

1

risk of harm to Plaintiff. (*Id.*) Plaintiff seeks a restraining order so that he and resident "K" are not placed in the same unit again, monetary damages, and transfer to a different facility. (*Id.*)

On June 10, 2020, the Magistrate Judge issued an R & R recommending the Court summarily dismiss Plaintiff's complaint because the claims contained in the instant complaint are duplicative of claims made by Plaintiff in a previous case. (Dkt. No. 16 at 1); *Lott v. Budz, et al.*, C/A No. 6:19-cv-01087-RMG (D.S.C.).[2]

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v.*

---

[2] The Court takes judicial notice of the Court's prior Order issued in *Lott v. Budz, et al.*, C/A No. 6:19-cv-01087-RMG, at Dkt. 92 (D.S.C. June 8, 2020) (adopting the R & R as the Order of the Court and granting Defendants' motion for summary judgment). *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

*Davis*, 718 F.2d 198, 200 (4th Cir.1983).  Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### III.    Discussion

After a review of the R & R, the Court finds the Magistrate Judge ably concluded that Plaintiff's complaint is barred by claim preclusion, or *res judicata*.  Under this doctrine, a final judgment on the merits of an action bars the parties from re-litigating the issues that were or could have been raised in the prior action.  *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).  In order for *res judicata* to apply, the following elements must be met: (1) a final judgment on the merits in a prior suit; (2) the identity of the cause of action in both suites; and (3) the same parties or their privities in the two suits.  *Id.* at 543-55.  To determine whether the same cause of action is brought in both suits, the court ascertains whether the claim in the new litigation "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999).

In this case, Plaintiff alleges Defendants failed to protect him from resident "K"'s attacks on January 13, 209 and March 12, 2019.  (Dkt. No. 1 at 5-6).  Plaintiff previously brought these claims regarding these attacks against the same Defendants, and the claims were adjudicated on the merits and dismissed with prejudice.  *Lott v. Budz, et al.*, C/A No. 6:19-cv-01087-RMG, at 92 (D.S.C. June 8, 2020).  Thus, Plaintiff's claims in the instant matter are barred by claim preclusion or *res judicata*.

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 16) as the order of the Court and **DISMISSES** Plaintiff's complaint without issuance and service of process.

**AND IT IS SO ORDERED.**

                        s/ Richard M. Gergel
                        Richard M. Gergel
                        United States District Judge

July 2, 2020
Charleston, South Carolina